UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,            :
                                    :
       Petitioner          :
                                    :
   v.                              :   CIVIL NO. 4:CV-07-674
                                    :
JUDGE EDWIN M. KOSIK,                :   (Judge McClure)
                                    :
       Respondent          :

**MEMORANDUM**

April 12, 2007

**Background**

       This *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241 was filed by Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the Lackawanna County Prison, Scranton, Pennsylvania. The petition is accompanied by a request for leave to proceed *in forma pauperis.* For the reasons set forth below, Reynolds' petition will be dismissed as meritless.

       Named as Respondent is the Honorable Edwin M. Kosik of this court. The petition is yet another challenge filed by Reynolds regarding his ongoing federal criminal prosecution in this district before Judge Kosik. See United States v. Reynolds, Case No. 3:05-CR-493. Specifically, Petitioner asserts that: (1) there has been a violation of his speedy trial rights, (2) a perjured affidavit was presented to the

1

grand jury, and (3) he was denied the opportunity to testify (presumably before the grand jury).  As relief, Reynolds seeks reversal of his federal criminal charges.

**Discussion**

Summary dismissal of a § 2241 habeas corpus petition is appropriate under Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Dismissal under Rule 4 is proper "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

Reynolds  has not yet been convicted or even tried of the federal criminal offenses underlying this action.[1]  As previously noted by this Court, " simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship."  Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted).  In Stolt-Nielsen, the Third Circuit Court of Appeals indicated that a petition should not be entertained where the applicant has an available forum in which to assert his defenses

---

1. Trial is presently scheduled for May 29, 2007.

to federal criminal charges.  See id. at 185; Deaver v. Seymour, 822 F.2d 66, 69-70 (D.C. Cir. 1987).  Reynolds clearly has an available and adequate remedy at law.  Namely, he may assert his present arguments in his ongoing federal criminal proceedings.

Furthermore, even if convicted of the charges presently pending before Judge Kosik, the Petitioner's remedy would be to pursue a direct appeal, and if not successful therein, to then seek collateral relief under 28 U.S.C. § 2255.  It is simply not appropriate at this juncture for this Court to entertain Petitioner's claims of speedy trial violation, perjured grand jury affidavit and denial of right to testify via a federal habeas corpus petition.  If Reynolds wishes to pursue his present arguments, he must do so in his ongoing federal prosecution, or thereafter before the Court of Appeals.  The petition for writ of habeas corpus will be denied as meritless.  An appropriate Judgment will enter.

_____
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,          :
                                  :
         Petitioner               :
                                  :
    v.                            :     CIVIL NO. 4:CV-07-674
                                  :
JUDGE EDWIN M. KOSIK,             :
                                  :     (Judge McClure)
         Respondent               :

## **ORDER**

April 12, 2007

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this action.

2. Reynolds' habeas corpus petition is DENIED.

3. The Clerk of Court is directed to close the case.

4. Based on the Court's determination herein, there is no basis for the issuance of a Certificate of Appealability.

          s/ James F. McClure, Jr.
          JAMES F. McCLURE, JR.
          United States District Judge